JS 44
(Rev. 12/96)

# CIVIL COVER SHEET B 01-093 1

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*Ovidio Garza Glanis*

## DEFENDANTS

*Immigration and Naturalization Service*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *Cameron*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *Cameron*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*Law office of Philip Cowen
500 E Levee Brownsville, Tx 78520
Tel 956-541-6031/1691*

ATTORNEYS (IF KNOWN)

United States District Court
Southern District of Texas
FILED

JUN 0 6 2001

Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*5th Amendment violation in Removal Action*

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE *060601*

SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

United States District Court
Southern District of Texas
FILED

JUN 0 6 2001

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| OVIDIO GARZA-ALANIS | )( |
| | )( |
| v. | )( |
| | )( CAUSE NO. B 0 1 - 0 9 3 |
| IMMIGRATION AND | )( |
| NATURALIZATION SERVICE | )( |

## PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes OVIDIO GARZA-ALANIS, Petitioner, Respondent in a removal

case [A13 630 682] ordered deported by the Immigration and Naturalization Service,

by and through attorney of record, and makes this Application for Writ of Habeas

Corpus and, for good cause shows the following:

    1.    OVIDIO GARZA-ALANIS is illegally confined and restrained of liberty

by the United States Department of Justice, Immigration and Naturalization Service.

This service has ordered his enforced departure from the United States, said

departure to take place on or about June 7, 2001 at 10:00 a.m. See Exhibit 2 & 3.

    2.    OVIDIO GARZA-ALANIS's detention is illegal because his order of

detention and enforced departure is tantamount to a confinement and such restraint

is a violation of the Fifth and Fourteenth Amendments to the United States

Constitution, and Article I, § 9 of the Texas Constitution.

**PETITION FOR WRIT**
**OF HABEAS CORPUS**        1

3.a  Although severe restriction on this Court's ability to obtain jurisdiction to entertain a Petition for Writ of Habeas Corpus  has resulted from the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the IIRAIRA,[1] in some cases concerning judicial review under the  (AEDPA)  and the IIRAIRA, even the government has conceded that some review of constitutional claims remains. Fernandez v. INS, 113 F.3d 1151, 1155 (10th Cir. 1997) (``the government concedes that AEDPA § 440(a) preserves judicial review for `substantial' constitutional errors"); Kolster v. INS, 101 F.3d 785, 790 (1st Cir. 1996) (any habeas review required by the Constitution remains available); Morisath v. Smith, 988 F. Supp. 1333 (W.D. Wash. 1997); Ozoanya v. Att'y Gen., 968 F. Supp. 1, 5  (D.D.C. 1997) (the government acknowledged that despite the sweeping language of AEDPA § 440(a) and IIRAIRA § 306, claims alleging ``substantial" constitutional violations in deportation proceedings still are subject to judicial consideration).[2]  The fact that

---

[1]Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA) (enacted as Division C of Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, 110 Stat. 3009 ), as amended by Act of Oct. 11, 1996. Pub. L. No. 104-302, 110 Stat. 3656.

[2]Before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)  amended the INA, there were two statutory bases for habeas corpus, one set forth in the INA itself at § 106(a)(10) 8 and the other the traditional, federal habeas corpus statute. 28 U.S.C. § 2241 .

After the AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA),  some courts relied on the Suspension Clause to find that these statutes had not repealed their habeas corpus jurisdiction. Magana-Pizano v. INS, 152 F.3d 1213, 1220, 19 Immigr. Rep. A2-57 (9th Cir.), as amended, 159 F.3d 1217 (9th Cir. 1998), aff'd on other grounds after remand, 200 F.3d 603 (9th Cir. 1999) . Still other courts have held that these statutes' judicial review provisions repealed even statutory habeas corpus jurisdiction. Max-George v. Reno, 205 F.3d 194 (5th Cir. 2000) ; LaGuerre v. Reno, 164 F.3d 1035, 1040, 19 Immigr. Rep. A2-181 (7th Cir. 1998).  Judicial review by means of habeas corpus did not survive the enactment of AEDPA § 440(a) but direct review remains available for aliens wishing to challenge their deportation on constitutional grounds. For Petitioner, and all similar situation immigrants,  a habeas corpus petition may be the only judicial check on the legality of the executive branch's deportation or removal decision on constitutional grounds. Pak v. Reno, 196 F.3d 666, 674 (6th Cir. 1999). Such review is the core constitutional function of habeas corpus. Swain v. Pressley, 430 U.S. 372, 386 (1977).

defendant was not advised, during his removal hearing, that he had the right not to testify against himself, and had available to him, the right to invoke his Fifth Amendment privilege is just such a "substantial constitutional violation." Removal Hearing Transcript, p. 57-58.

3.b In the removal hearing which took place on February 1, 1999, the immigration judge advised Petitioner's Counsel that he needed some information from Petitioner (Referred to as Respondent in those proceedings) and placed him under oath. The oath consisted of being informed by the Immigration Judge that Respondent has to tell the truth and nothing but the truth. By not informing Petitioner that his answers were not obligatory, the Immigration Judge required Petitioner to testify against himself, a violation of the Fifth Amendment privilege against self-incrimination; and a violation of the 14th Amendment, as a denial of due process.

3.c In the colloquy noted, Petitioner essentially was asked to self-incrimination himself, thus proving the government's entire case. After the interview, the Immigration Judge immediately, without comment nor intervention from either Petitioner's Counsel nor Government counsel, immediately informed Petitioner that he was subject to removal. "Okay. Sir, you know, I don't find that there's any relief available to you." Removal Hearing Transcript, p. 58. Although Petitioner's counsel was asked to entertain any follow up questions, essentially the Immigration Judge, by questioning Petitioner and requiring Petitioner to testify against himself, had relieved

**PETITION FOR WRIT**
**OF HABEAS CORPUS**                    3

the government of any burden of proof in the removal cause. Such requirement by the Immigration Judge that Petitioner was obliged to testify against himself violated the United States Constitution's Fifth Amendment prohibition against a prohibition against a requirement of self-incrimination. See Max-George v. Reno, 205 F.3d 194 (5th Cir. 2000), noting that while, since the enactment of the AEDPA and the IIRAIRA, review of immigration proceedings has been severely restricted, direct review remains available for aliens wishing to challenge their deportation on constitutional grounds.

4.      OVIDIO GARZA-ALANIS respectfully requests this Court to grant an evidentiary hearing and, after receiving evidence, to release OVIDIO GARZA-ALANIS from unlawful detention, based on the violation of his Fifth and Fourteenth Amendment privileges. .

**WHEREFORE, PREMISES CONSIDERED**, OVIDIO GARZA-ALANIS prays that this Court grant this application and issue a Writ of Habeas Corpus to the United States Department of Justice, Immigration and Naturalization Service directing and commanding production of OVIDIO GARZA-ALANIS before this Court instanter, or at such time and place to be designated by this Court, then and there to show cause, if any there may be, why OVIDIO GARZA-ALANIS should not be discharged from such illegal confinement.

Respectfully submitted,

Law Office of Philip Cowen
500 E. Levee St.
Brownsville, Tx 78520
(956) 541-1691
(956) 541-6872


By:_____

    Philip T. Cowen
    Federal I.D. 21717
    State Bar No. 24001933
    Attorney for OVIDIO GARZA-ALANIS


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 5, 2001, a true and correct copy of the above and

foregoing document was served on the   United States Department of Justice,

Immigration and Naturalization Service by certified mail, return receipt requested.


_____
Philip T. Cowen

| THE STATE OF TEXAS | § |
| COUNTY OF CAMERON | § |

§

## AFFIDAVIT

**BEFORE ME**, the undersigned authority, on this day personally appeared

OVIDIO GARZA-ALANIS, who being by me duly sworn, upon oath deposes and

says:

> "I am OVIDIO GARZA-ALANIS, the Petitioner in the removal case in
> the foregoing petition; I have read the above and it is true and correct."

_____
OVIDIO GARZA-ALANIS
Affiant


**SUBSCRIBED AND SWORN TO BEFORE ME** on the 6th day of June,

2001, to certify which witness my hand and seal of office.

EMILIO CRIXELL
Notary Public
State of Texas
My Comm. Exp. 11-20-2004

_____
Notary Public, State of Texas


**PETITION FOR WRIT**
**OF HABEAS CORPUS**                    6

# EXHIBIT 1

CVisPDF – www.fasiso.com

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                    File A 13 630 682

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| OVIDIO GARZA-ALANIS | ) | IN REMOVAL PROCEEDINGS |
|  | ) |  |
|  | ) |  |
| Respondent | ) | Transcript of Hearing |

Before DAVID AYALA, Immigration Judge

Date: March 2, 1999                    Place: Harlingen, Texas

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter: Gloria Galvan

Language: Spanish

Appearances:

For the Immigration and
Naturalization Service:              For the Respondent:

William Douglas Craig, Esq.          Jodi Goodwin, Esq.

ST

1  JUDGE FOR RECORD

2          This is Immigration Judge David Ayala conducting a

3  continuation of a removal proceeding in Harlingen, Texas.

4  Today's date is March 2, 1999.  Before the Court is the

5  respondent, Ovidio Garza-Alanis, file 13 630 682, represented

6  by counsel, Ms. Jodi Goodwin.  The respondent speaks English.

7  The Government is represented by its counsel, Mr. William

8  Douglas Craig.

9  JUDGE TO MR. GARZA-ALANIS

10         Q.   To the respondent:  State your name for the

11  record.

12         A.   Ovidio Garza-Alanis.

13         Q.   You wish to have the hearing in English or in

14  Spanish, sir?

15         A.   In Spanish.

16         Q.   Okay.

17  JUDGE FOR RECORD

18         For the purpose of the hearing, the official

19  interpreter of the Court is Ms. Gloria Galvan.

20  JUDGE TO MR. GARZA-ALANIS

21         Q.   Seated next to you is counsel, Ms. Goodwin.  Do

22  you wish her -- her to represent you in this proceeding?

23         A.   Yes.

24  JUDGE TO MS. GOODWIN

25         Q.   Ms. Goodwin, the Notice to Appear dated

A 13 630 682              53              March 2, 1999

ST

1    September 1, 1998 was marked as Exhibit 1 on September 11,

2    1998 by Judge Tovar at the Port Isabel Service Processing

3    Center.  The respondent appeared before the Court on February

4    1, 1999.  The respondent admitted Allegations 1 and 2, denied

5    Allegations 3, 4 and 5, denied the charge of removability.

6              Is that your understanding of the status of the

7    case?

8              A.   Yes, Judge.

9              Q.   Okay.

10   JUDGE FOR RECORD

11             On that date, the Government requested a continuance

12   for the purposes of getting the conviction documents.  The

13   conviction documents have been tendered to the Court.  Exhibit

14   2 is a judgment in a case entitled <u>The United States of</u>

15   <u>America v. Ovidio Garza-Alanis</u>.  And it says --

16   JUDGE TO MS. GOODWIN

17             Q.   Do you have any objection to the Court

18   considering that group exhibit?

19             A.   No.

20   JUDGE FOR RECORD

21             It's been paginated pages one, two and three.

22   JUDGE TO MS. GOODWIN

23             Q.   Is there any question with reference to whether

24   or not Allegation 2 refers to the respondent?

25             A.   No, Judge.  The person named in the judgment is

A 13 630 682              54              March 2, 1999

ST

1    the same person as the respondent.

2         Q.   Okay.

3    JUDGE FOR RECORD

4         The complaint was that he presented himself by

5    making an oral claim to be a United States citizen.  He had no

6    documentation, and the conviction was for such -- based on

7    such complaint.

8    JUDGE TO MS. GOODWIN

9         Q.   Is that your understanding?

10        A.   Yes, Judge.

11        Q.   Okay.

12   JUDGE FOR RECORD

13        2 will be admitted into evidence.  Group Exhibit 3

14   consists of seven pages which purports to be criminal

15   information with two counts, The People of the State of

16   Illinois v. Ovidio A. Garza.  Then there is a plea of guilty

17   and a waiver of jury which is on page three.  And then pages

18   four through seven consist of the judgment order on count 1 of

19   the information which is page one.

20   JUDGE TO MS. GOODWIN

21        Q.   Do you have a copy of that?

22        A.   Yes, Judge.

23        Q.   Do you have any objection to the Court

24   considering Group Exhibit 3?

25        A.   No, Judge.


A 13 630 682                    55                    March 2, 1999

ST

```
1          Q.   Is there any question whether or not Group
2  Exhibit 3 refers to the respondent?
3          A.   No, Judge.  The person named in the information
4  and judgment are one and the same as the respondent.
5          Q.   Okay.
6  JUDGE FOR RECORD
7          Exhibit 3 is admitted into evidence.
8  JUDGE TO MR. CRAIG
9          Q.   Counsel for the Government, is there any other
10 evidence you wish the Court to consider?
11         A.   No, Your Honor.
12         Q.   Do you wish to question the respondent?
13         A.   No, Your Honor.
14         Q.   Okay.
15 JUDGE TO MS. GOODWIN
16         Q.   Counsel for the respondent, do you have
17 anything for the Court to consider?
18         A.   No, Judge.
19         Q.   Do you rest your case?
20         A.   Yes.
21 JUDGE TO MR. CRAIG
22         Q.   Counsel for the Government, do you rest your
23 case?
24         A.   Yes, Your Honor.
25         Q.   Okay.
```

ST

1    JUDGE TO MS. GOODWIN

2         Q.   I need some information from the respondent.

3    I'll place him under oath.

4    JUDGE TO MR. GARZA-ALANIS

5         Q.   To the respondent:  Stand, raise your right

6    hand, so I can place you under oath.

7         Do you swear to tell the truth, the whole truth, and

8    nothing but the truth in this proceeding?

9         A.   Yes, sir.

10        Q.   You may sit down.  How old are you?

11        A.   37 years.

12        Q.   And you've been a resident alien of the United

13   States since 1963?

14        A.   Yes, sir.

15        Q.   Okay.  You were 2 years-old when you came into

16   the United States?

17        A.   Yes, sir.

18        Q.   This offense for which you were convicted in

19   the State of Illinois, was that your first drug trafficking

20   offense or were there others?

21        A.   No, the first one.

22        Q.   Okay.  At what port of entry, sir, did you

23   attempt to enter the United States when you claimed to be a

24   United States citizen?

25        A.   Through Brownsville.

A 13 630 682                    57              March 2, 1999

ST

1          Q.    Was there any reason, sir, that you were

2     claiming to be a United States citizen when you could have

3     entered as a resident alien?

4          A.    I had been drinking.

5          Q.    You had been drinking or were you intoxicated?

6          A.    I was intoxicated.  I was intoxicated.  I did

7     not have my resident card with me at the moment, and that's

8     why I thought it would be easy just to say that.

9          Q.    Where do you live?

10         A.    1124 Marlem (phonetic sp.) in Brownsville.

11         Q.    Are you married or single, sir?

12         A.    Married.

13         Q.    And where is your wife from?

14         A.    From here, from Brownsville, Texas.

15         Q.    Is she an American citizen?

16         A.    Yes.

17         Q.    Okay.  Sir, you know, I don't find that there's

18    any relief available to you.  If it becomes necessary to

19    remove you from the United States, what could would be --

20    would you like to be returned to?

21         A.    To Mexico.

22         Q.    Okay.

23    JUDGE TO MS. GOODWIN

24         Q.    Counsel for the respondent, do you wish to do

25    any follow-up questions?

A 13 630 682                    58              March 2, 1999

ST

```
 1              A.    No, Judge.
 2    JUDGE TO MR. CRAIG
 3              Q.    Counsel for the Government?
 4              A.    Nothing.
 5              Q.    Okay.
 6                    JUDGE RENDERS ORAL DECISION
 7    JUDGE TO MS. GOODWIN
 8              Q.    Counsel for the respondent, if you disagree
 9    with the decision of the Court or if you feel the Court made
10    an error in the assessment of the facts and the conclusion of
11    law, you have the right to appeal the decision to the Board of
12    Immigration Appeals in Falls Church, Virginia.
13              In the alternative, if you are satisfied with the
14    decision, you may accept the decision.  But if you do, you
15    will not be able to change your mind.
16              What do you wish to do?
17              A.    Reserve appeal, Your Honor.
18              Q.    The respondent having reserved the right to
19    appeal, the appeal is due to be filed directly with the Board
20    within 30 days.  The 30th day falls on April 1, 1999.  The
21    notice of appeal must be received by that date.  In the notice
22    of appeal, you must identify the error of fact or law the
23    Court committed in rendering its decision, otherwise, the
24    Board could merely dismiss the case.
25              If the respondent does not have the funds necessary
```

A 13 630 682                    59              March 2, 1999

ST

1   to pay the appeal fee, the respondent can submit a paupers

2   affidavit to that effect for consideration by the Board.

3   JUDGE TO MR. GARZA-ALANIS

4          Q.   To the respondent:  If there ever comes a time

5   when the Immigration Service calls upon you to appear for

6   removal, you must do so.  If you don't, there are certain

7   consequences that may follow.  For a period of ten years

8   thereafter, you would not be eligible for certain forms of

9   relief such as voluntary departure, cancellation of removal,

10  adjustment of status or change of status.

11          Do you understand?

12          A.   Yes, I understand.

13  JUDGE TO MS. GOODWIN

14          Q.   Counsel, do you have any questions?

15          A.   No, Judge.

16  JUDGE TO MR. CRAIG

17          Q.   Counsel for the Government, what is your

18  position?

19          A.   Your Honor, the Service would waive appeal.

20  Would it also be appropriate to advise the respondent of the

21  civil penalties in the event he fails to appear?

22          Q.   That's only on -- if the ground of removability

23  is under Section 237(a), not under 212.

24          A.   All right, Your Honor, I beg your pardon.

25          Q.   Yes.

A 13 630 682                    60              March 2, 1999

ST

```
1              A.   Thank you, Judge.

2              Q.   Under 237 then he would suffer some additional

3    sanctions.

4              A.   I stand corrected, Your Honor.

5              Q.   Okay.

6              A.   Nothing further.

7    JUDGE FOR RECORD

8              With nothing further, we are adjourned.

9                        HEARING CLOSED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# EXHIBIT 2

CVisPDF – www.fesvia.com

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:   A13-630-682 - Harlingen                     Date:

In re:  GARZA-ALANIS, OVIDIO                        JAN 17 2001

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF SERVICE: Kenneth M. Muir

ORDER:

    PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 3.1(a)(7).

*Lauren R. Mathon*
FOR THE BOARD



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia  22041*

**GARZA-ALANIS, OVIDIO**
**1124 MILAN AVNEUE**
**BROWNSLVILLE,  TX  78521-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX  78551**

Name: GARZA-ALANIS, OVIDIO                    A13-630-682

Date of this notice: 01/17/2001

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
    MATHON, LAUREN R.

# EXHIBIT 3

CVISPDF – www.fastio.com

# UNITED STATES DEPARTMENT OF JUSTICE
## Immigration and Naturalization Service
### 2102 Teege Avenue
### Harlingen, Texas 78550

File No.: A13 630 682
Date: May 08, 2001

Ovidio GARZA-Alanis
1124 Milan Avenue
Brownsville, Texas 78521

As you know, following a hearing in your case you were found deportable and the hearing officer has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to ___Mexico___

on ___JUNE 07, 2001___ from ___Brownsville, TX___ on the

_____ Surface Transportation _____ .

You should report to a United States Immigration Officer at Room (Deportation)

2102 TEEGE AVENUE, HARLINGEN., TEXAS 78550.

at ___10:00 A.M. JUNE 07, 2001___ completely ready for deportation. At

the time of your departure from Los Fresnos, TX you will be limited to

40 Lbs of baggage. Should you have personal effects in excess of

this amount you must immediately contact ___Mr. Refugio Huerta___

at ___(956) 427-8692___ or come in person at the address noted above,

and an appropriate disposition of your excess baggage will be discussed with you.

CERTIFIED MAIL #
7106 4575 1294 1480 3287
FORM I-166
(REV. 04/01/69)

Very truly yours,

E. M. Trominski
District Director

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF ____ TEXAS ____

OVIDIO GARZA-ALANIS

v.

IMMIGRATION AND

NATURALIZATION SERVICE

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: B 01-093

TO: (Name and Address of Defendant)

United States Atttorney
Civil Process  Clerk
U. S. Attorney's Office
P.O. Box 61129
Houston, Texas 77208

and Immigration and Natural
ization Service
District Counsel
2102 Teege Ave
Harlingen, Tx 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Philip T. Cowen
Law Office of Philip Cowen
500 E. Levee St.
Brownsvile, Texas 78520

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

6/6/01

CLERK

BY DEPUTY CLERK

DATE